UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AHMED KHALFAN GHAILANI,

                           Movant,

                        –against–                            98-cr-1023 (LAK)

UNITED STATES OF AMERICA.

                           Respondent
------------------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

       This matter is before the Court on defendant's (Pro Se) Motion Pursuant to Rule 60(b)(4)(6) & (d)(3) In Further Conjunction with Recent Supreme Court Decision in *Davis* (June 24, 2016) (DI 2148[1]) ("Motion No. 1"), and his (Pro Se) Motion for an Sixty (60) Days Extension of Time to Effectively File a Rule 15(a) or (c) Motion to Properly Address the Petitioner's Filed Accompanied Rule 60 Motion Issues (DI 2147) ("Motion No. 2"), and his (Pro Se) Motion for Leave Requesting an Additional Claim to Petitioner's June 23, 2020, filed Rule 60 Motion as a Precaution Under *Davis*, 139 S.Ct. 2319 (June 24, 2019) (DI 2139) ("Motion No. 3").

*Facts*

*The Conviction and Sentence*

       Ahmed Khalfan Ghailani was indicted in 1998 for his alleged complicity in the 1998 bombings of two United States embassies in east Africa in which 224 people were killed and over a thousand injured. He was apprehended in Pakistan in 2004 and then transferred to exclusive CIA custody. On June 9, 2009, Ghailani was brought to the Southern District of New York. Following a lengthy trial, the jury found Ghailani guilty of Count 5 – conspiracy to destroy buildings and property of the United States – and not guilty of the other 284 counts with which he was charged. It further found, in response to an interrogatory, that Ghailani's conduct in Count 5 was a direct or proximate cause of the death of a person other than a conspirator. Ghailani then moved for, *inter*

---

[1] Unless otherwise indicated, all docket references are to 98-cr-1023.)

*alia,* judgment for acquittal, a motion denied in an extensive opinion which concluded that the evidence was more than sufficient to sustain Ghailani's conviction.[2]  He was sentenced principally to a term of life imprisonment.  The conviction and sentence both were affirmed on appeal.[3]  His Section 2255 motion was denied on December 2, 2016.  (DI 2051) His motion for a certificate of appealability was denied and his appeal dismissed on July 27, 2017.  (DI 2080).

*The Current Motions*

The three current motions all were filed, on the basis of the mailbox rule and the view most favorable to the defendant, on June 23, 2020.  In substance, they appear to be a substantive challenge to his conviction (purportedly under Fed. R. Civ. P. 60) on jurisdictional and other grounds on the basis of the *Davis* case (Motion Nol. 1), an application to supplement the rather *pro forma* purported Rule 60 motion (Motion No. 3), and a request for additional time to file papers in support of Motion No. 1 and perhaps Motion No. 2.

*Discussion*

*Motion No. 1*

The bare bones Motion No. 1 appears to assert that (1) there is some unspecified jurisdictional defect in defendant's conviction, and (2) his conviction should be overturned because the Supreme Court in *Davis* held that conspiracy no longer is considered as a crime of violence.

As defendant has not elaborate in any way on his jurisdictional argument, the Court cannot now reach any decision as to whether it has any merit.  Nor does it thus far see any basis for the *Davis* argument even assuming that such an argument were properly before the Court.

*Motion No. 2*

Motion No. 2 seeks a 60-day extension of time within which to seek to amend Motion No. 1.

Rule 12 of the Rules Governing Section 2254 and 2255 Cases provides that "[t]he Federal Rules of Civil Procedure and the Federal1Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules,3may be applied to a

---

[2] United States v. Ghailani, 761 F. Supp.2d 167, 188-90 (S.D.N.Y. 2011)

[3] United States v. Ghailani, 733 F.3d 29 (2d Cir. 2013), *cert. denied,* 134 S.Ct. 1523 (U.S. Mar. 10, 2014).

proceeding under these rules." Rule 15 of the Federal Rules of Civil Procedure governs amendments to "pleadings" but "pleading" is defined in Rule 7 in a manner that does not include Motion No. 1. Hence, there are no apparent time limits with respect to amendment of a motion such as Motion No. 1. Accordingly, no extension of time is required. As long as defendant seeks permission to amend Motion No. 1 before Motion No. 1 is decided, the motion for leave to amend would be timely. There is no need for Motion No. 2.

*Motion No. 3*

Motion No. 3 asks to supplement Motion No. 1. There seems to be no need for that motion either.

*Conclusion*

In the circumstances, Motion Nos. 1, 2 and 3 all are denied. Defendant may move for leave to supplement or amend Motions 1 and/or 2 no later than September 23, 2020 (which is well over 60 days after the date of these motions). The Court will await September 23, 2020 before determining whether to require the government to respond to these motions.

SO ORDERED.

Dated:   August 29, 2020

_____
Lewis A. Kaplan
United States District Judge